# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 96-1170

HAROLD E. BALDWIN, APPELLANT,

V.

ANTHONY J. PRINCIPI
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and HOLDAWAY and IVERS, *Judges.*

## O R D E R

In a September 7, 1999, opinion, the Court affirmed the Board of Veterans' Appeals (Board) decision of May 16, 1996. *See Baldwin v. West*, 13 Vet.App. 1 (1999). The appellant filed a timely motion for panel reconsideration. The Secretary submitted a response to the appellant's motion pursuant to the Court's order of December 3, 1999, that directed the Secretary to specifically address the applicability of *Hayre v. West*, 188 F.3d 1327 (Fed.Cir 1999)(*Hayre I*) to the facts of this case, whether there is a claim still pending before VA, and if so, whether the Court has, or ever could have jurisdiction over such a claim. On May 1, 2001, the Court ordered this matter stayed pending the outcome of *Hayre v. Principi*, 15 Vet.App. 48 (2001)(*Hayre II*), and *Livesay v. Principi*, 15 Vet.App. 165 (2001)(en banc). For the following reasons, the Court will grant the appellant's motion for panel reconsideration and issue this order incorporating the opinion of September 7, 1999, reaching the same result.

The appellant argues in his motion that the Court failed to consider relevant law, specifically the August 16, 1999, decision by the United States Court of Appeals for the Federal Circuit (Federal Circuit) in *Hayre v. West*, *supra*. He contends that his case is factually synonymous with *Hayre I*, because service medical records (SMRs) he specifically identified were not obtained by VA, nor was he given notice of such failure when the VA regional office (RO) initially denied his claim. He argues, therefore, that his claim remains open and should be remanded for proper development and adjudication. He also alleges other "grave procedural errors" which, under *Hayre*, require remand. Finally, he argues that the Court "overlooked" his arguments regarding the presumptions of aggravation and soundness as well as application of a particular 1956 regulation, and that these arguments dictate remand. (The Court notes that although it is unclear from his motion whether the appellant is referring to the presumption of aggravation or the presumption of soundness, *compare* Motion at 1 *with* Motion at 5, the Court will assume that the appellant, on reconsideration, is arguing that the Court failed to address his arguments regarding both presumptions.) In response, the Secretary argues that the opinion of the Court should be left undisturbed because this case is factually distinctive from *Hayre I*, and even if a claim were still pending, that the Court would not have jurisdiction to review the claim, and because other arguments now raised by the appellant were

adequately and appropriately addressed in the Court's opinion.

The Federal Circuit in *Hayre I* stated that "a single request for pertinent SMRs specifically requested by the claimant and not obtained by the RO does not fulfill the duty to assist." 188 F.3d at 1331. The *Hayre I* Court emphasized the importance of VA's duty to assist veterans seeking benefits. *Id.* It went on to hold "where there is a breach of the duty to assist in which the VA failed to obtain pertinent SMRs specifically requested by the claimant[,] and failed to provide the claimant with notice explaining the deficiency, the claim does not become final for purposes of appeal." *Id.* at 1134. The Federal Circuit remanded the matter to the Court for a determination of whether, in that case, there had been a breach of the Secretary's duty to assist. *Id.* at 1135.

Upon remand from the Federal Circuit, the Court reviewed the case and dismissed it for lack of jurisdiction. *Hayre v. Principi*, *supra*. In effect, here as in *Hayre II,* the only way that the Court could exercise jurisdiction over this case is if the 1993 Notice of Disagreement (NOD) serves a dual purpose: (1) as an explicit NOD to the underlying May 16, 1996, Board decision, and (2) also as an implicit NOD to the finality of an earlier adjudicative decision from 1956. In *Hayre II*, the Court explicitly rejected a similar attempt to use a 1993 NOD to a December 1992 Board decision denying CUE to bootstrap the appellant's 1972 adjudication into a timely NOD. 15 Vet.App. at 52. The problems with such an analysis are the same in this case as they were in *Hayre II*. *Id.* The 1993 NOD was filed 37 years after the one-year statutory and regulatory requirements for filing an NOD had expired. Further, as the Court noted in *Hayre II*, "the 1993 NOD was submitted in response to a rating decision for an entirely separate claim . . . which claim in no way, explicitly or implicitly, purported to challenge the 'issue of finality' of the [1956] adjudication." *Id.* The Court is left with no choice but to follow *Hayre II* and dismiss this case for lack of jurisdiction.

The Court notes that while this appeal was pending Congress enacted the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) [hereinafter VCAA]. The VCAA affects sections of chapter 51 of title 38 of the United States Code, which provide general administrative procedures for VA to follow in processing claims for veterans benefits. Recently, the en banc Court held that the VCAA was not applicable to CUE motions. *Livesay*, 15 Vet.App. 178-79. Therefore, the appellant's CUE motion need not be remanded for further adjudication.

With respect to the appellant's suggestion that the Court overlooked his arguments regarding the presumptions of aggravation and soundness, we note that arguments regarding both of these presumptions were considered, addressed in the Court's opinion, and determined to be unpersuasive. *See Baldwin*, 13 Vet.App. at 7-8. With regard to the appellant's other arguments for panel reconsideration, the Court has carefully considered them and finds them to be without merit.

Upon consideration of the foregoing, it is

ORDERED that the stay is lifted. It is further

2

ORDERED that the appellant's motion for panel reconsideration is granted.  It is further

ORDERED that, after reconsideration, the Court adopts by reference its opinion of September 7, 1999, *Baldwin v. West*, 13 Vet.App. 1 (1999), and affirms the Board's May 16, 1996, decision.


DATED: November 20, 2001                                              PER CURIAM.


KRAMER, *Chief Judge*, concurring in the result:  I agree that the appellant's motion for reconsideration should be granted; concur in the affirmance of the May 16, 1996, decision of the Board of Veterans' Appeals; and agree, albeit for somewhat different reasons, that the appellant's reconsideration arguments should be rejected.

The appellant argues that, in the 1956 adjudication, a VA regional office (RO) committed grave procedural error as defined in *Hayre v. West*, 188 F.3d 1327 (Fed. Cir. 1999), because the RO failed to adjudicate a claim for service connection for eye disease and committed duty-to-assist errors in failing to provide a medical examination and to obtain certain service medical records (SMRs) specifically requested by the appellant.  However, even assuming that in 1956 VA erred in not adjudicating such an eye-disease claim, the appellant has not demonstrated a requisite element of his claim for grave procedural error, that in 1956 VA had a mandatory duty to assist – whether to provide a medical examination or whether to obtain the appellant's SMRs or to notify the appellant if SMRs that had been requested were not found.  *See Cook v. Principi*, 258 F.3d 1311, 1315 (Fed. Cir. 2001) (burden is on appellant to support claim that in 1952 RO was required to conduct medical examination to fulfill duty to assist).

The appellant appears to believe that the Court in its September 7, 1999, opinion determined that his asserted claim for service connection for eye disease had been adjudicated in 1956.  The Court held, however, that the appellant's 1956 claim for service connection for "poor vision" (Record at 31) was fully adjudicated by the RO as a claim for service connection for defective vision only.  Because the Court, in essence, concluded that the appellant had made no claim in 1956 for service connection for eye disease (a determination with which I continue to agree), there is no merit to the appellant's arguments that VA was required to adjudicate any such eye-disease claim, to apply the presumptions of soundness and aggravation to the facts of such an eye-disease claim, or to apply the rating schedule to that disease.  Nevertheless, I note that it does appear that in 1970 the RO purported to reopen his 1956 claim but then adjudicated a claim for non-service-connected pension based on blindness due to eye disease, thus leaving open the question of whether a claim to reopen a previously and finally disallowed claim for poor vision and a new claim for eye disease remain pending.  Regardless, I further note that it appears that the appellant has filed (as part of his Notice of Disagreement as to the November 1993 RO denial of his claim of clear and unmistakable error in the 1956 RO decision) a claim for service connection for his eye disease and that VA has not adjudicated that claim.