# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-875

MITCHELL SCATES, JR., APPELLANT,

v.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

KENNETH B. MASON, JR., INTERVENOR.

On Intervenor's Motion for Review En Banc

(Argued June 7, 2000            Decided   August 14, 2000   )

*Mitchell Scates*, *pro se.*

*R. Randall Campbell*, with whom *Robert E. Coy*, Acting General Counsel; and *Ron Garvin,* Assistant General Counsel, all of Washington, D.C., were on the brief, for the appellee.

*Kenneth M. Carpenter,* of Topeka, Kansas, was on the brief for Kenneth B. Mason, Jr., as intervenor.

*James C. McKay,* of Washington, D.C., was on the brief as amicus curiae for the appellant.

Before NEBEKER, *Chief Judge,* and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges.*

NEBEKER, *Chief Judge*: This appeal involves a dispute between the appellant, veteran Mitchell Scates, and the intervenor and appellant's former attorney, Kenneth Mason, over a 20% contingent fee agreement. Mr. Scates appeals an April 30, 1997, Board of Veterans' Appeals (Board or BVA ) decision which determined that Mr. Mason was eligible for the payment of attorney fees withheld by the Secretary from past-due benefits, purportedly pursuant to 38 U.S.C. § 5904(d)(3), for legal services rendered by Mr. Mason on behalf of Mr. Scates. In October 1999, a panel of this Court reversed the Board decision; the Court held that the fee agreement had been abrogated upon

the termination of the attorney-client relationship in 1994 and that no right to the 20% contingent fee survived.

The intervenor sought and was granted review by the full Court. *Scates v. West*, 13 Vet.App. 304 (2000) (en banc order), *withdrawing* 13 Vet.App. 98 (1999). The intervenor then filed a motion to dismiss this appeal because, he argued, the Board, and therefore this Court, lacked jurisdiction to decide that he was eligible to receive the withheld fee. Since it is appropriate to raise this jurisdictional issue at any time during the pendency of the appeal, we entertain it, agree that the Board lacked jurisdiction in this matter, and will vacate the Board decision, with directions. *See In the Matter of the Fee Agreement of Wick*, 40 F.3d 367, 370 (Fed. Cir. 1994).

I.

A review of the record on appeal reveals that in April 1996, a VA regional office (RO) "processed an award in the amount [of $154,119.00]" on behalf of the appellant. Record (R.) at 98. Pursuant to the contingent fee agreement on file, the RO "withheld $30,823.00 from [the appellant's] retroactive benefits *pending a decision by the Board of Veterans Appeals on the issue of your attorney's entitlement* to direct payment out of the past-due amount." *Id.* (emphasis added). The RO further informed the appellant that "the records in this case [were] being transferred to the Board of Veterans Appeals *for a determination of eligibility for payment of attorney fees* from any past-due benefits." R. at 99 (emphasis added). In April 1997, the Board determined that the intervenor was "*eligible for payment of attorney fees* from past-due benefits." R. at 2 (emphasis added). The appellant had discharged him nearly two years before the RO granted the long-disputed benefits with full retroactivity, and the fee agreement is silent on payment of fees upon termination of the attorney-client relationship. The gravamen of the intervenor's argument is twofold: First, the Secretary is required by statute to decide whether to award a withheld contingency fee prior to any review by the Board, and, second, the Board, as part of its original jurisdiction, is authorized to decide only the reasonableness of the fee, not eligibility to receive it.

Title 38 of the United States Code generally contemplates a progression of claims adjudication from the initial decision at the agency of original jurisdiction, usually an RO, to review

by the Board acting as a quasi-appellate body. *See* 38 U.S.C. §§ 511(a), 7104(a); 38 C.F.R. §§ 19.9, 20.1104 (1999). Specifically, section 511(a) provides in pertinent part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.

38 U.S.C. § 511(a). In turn, the Board's general jurisdiction is limited to the review of "[a]ll questions in a matter which under section 511(a) of [title 38, U.S. Code,] is subject to a decision by the Secretary." 38 U.S.C. § 7104. As a departure from this normal claim adjudication process, the Board is specifically provided with original jurisdiction as to fee agreements, to "review" sua sponte or at the request of either party a fee agreement filed with the Board, and it "may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable." 38 U.S.C. § 5904(c)(2).

## II.

In *Cox v. West*, 149 F.3d 1360, 1365 (Fed. Cir. 1998), the United States Court of Appeals for the Federal Circuit (Federal Circuit) considered an attorney's claim for entitlement to a fee withheld under section 5904(d) (i.e., a direct-payment case). Implicitly acknowledging the adjudication progression at the agency level in the context of a claim for direct payment of a contingency fee by the Secretary, the Federal Circuit concluded that the attorney's claim "requires the Secretary to make a decision 'under a law that affects the provision of benefits by the Secretary to veterans.'" *Id*. (quoting 38 U.S.C. § 511(a)). The Federal Circuit also noted that section 5904(c)(2) provided the Board only the authority to review for "*reasonableness*." *Id*. at 1364. The authority to review fee agreements for "eligibility" does not appear in the statute (*cf*. Norman J. Singer, Sutherland Statutory Construction § 47.23 (5th ed. 1992) (discussing the maxim "*expressio unius est exclusion alterius*")); however, under our caselaw, it appears that eligibility to charge a fee in non-direct-payment cases may be reviewed by the BVA in the first instance as a component of its section 5904(c)(2) authority to review for reasonableness (*see In re Fee Agreement of Stanley*, 10 Vet.App. 104 (1997)).

In the instant appeal, which involves a direct-payment contingency-fee agreement, the agency of original jurisdiction never made a decision concerning the award of the withheld attorney fees

3

to the intervenor under section 511(a). Rather, the RO forwarded the matter to the Board for a "determination of eligibility." R. at 99. The Board, which has the limited original jurisdiction to review fee agreements for reasonableness or excessiveness, concluded that the intervenor was "*eligible for payment of attorney fees* from past-due benefits," and, quoting from VA Gen. Coun. Prec. 22-95 (Sept. 28, 1995), the Board concluded that "VA may directly pay [the] attorney fees." R. at 2, 9. Because we read *Cox* as holding that the Board does not have original jurisdiction to consider under section 5904(c)(2) any issues regarding entitlement to attorney fees in direct-payment cases, we hold that all issues involving entitlement or eligibility for attorney fees under direct-payment contingency-fee agreements, as contrasted with the issues of reasonableness and excessiveness, must first be addressed by the RO in accordance with the normal adjudication procedures and cannot be the subject of sua sponte or other original (on motion) BVA review. *See Cox, supra; cf. In re Fee Agreement of Stanley*, 10 Vet.App. 104, 108 (1997) (in context of non-direct-payment agreement Court affirmed BVA's decision that attorney was ineligible for fees from client because there was no final BVA decision).

The matter of attorney fees remains pending before the Secretary by virtue of the fee agreement filed in this case. After notice to the appellant and intervenor, and an opportunity to be heard, that claim should be decided by the RO. The aggrieved party may then file a Notice of Disagreement and pursue an appeal to the Board and this Court if so desired. *See Cox*, 149 F.2d at 1362; *cf. Hanlin v. United States*, __ F.3d. __, __, No. 99-5062, slip op. at 3 (Fed. Cir. June 2, 2000) (alternatively, under 28 U.S.C. § 1491(a)(1), Court of Federal Claims has jurisdiction to consider "a non-frivolous claim alleging the existence of a contract" by "an attorney seeking relief for non-payment of fees by the VA."). Our decision today does not decide the question of the effect of the termination of the attorney-client relationship between Mr. Mason and Mr. Scates and leaves that question for decision at the initial administrative level. Neither does the Court express any view as to the reasonableness or excessiveness of the fee called for in this agreement since the facts surrounding such issues must be developed in the adjudication of the pending claim. The Board's decision is VACATED for want of original jurisdiction to decide eligibility for direct payment of a withheld contingency fee under § 5904(d), and the matter is REMANDED to the Board with directions to dismiss the matter of direct-payment fee eligibility as referred to the Board by the RO. *See In the Matter of the Fee Agreement of Wick, supra.*