THIS VERSION INCLUDES AN ERRATA DATED 22SEP00-e

UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1169

SANDRA E. BOOTH, APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, HOLDAWAY, and GREENE, *Judges*.

O R D E R

Sandra E. Booth, Esq., through counsel, appeals a March 1999 decision of the Board of Veterans' Appeals (BVA or Board) which determined that she had met the requirements for payment of attorney fees pursuant to a May 13, 1993, fee agreement. The appeal stems from the "end" date used to calculate the amount of fees to which she is entitled.

The veteran, Howard Hodge, filed a claim for service connection for an acquired psychiatric disability and for a back disability. The Board denied the claims in January 1993, and in April of the same year the veteran entered into a fee agreement with the appellant. That agreement provided for attorneys fees in the amount of 20% of all past-due benefits recovered on behalf of the veteran by the appellant. In November 1994, the Court vacated the Board's decision and remanded the claim. The Board in turn remanded the claim in February 1995, and the VA regional office (VARO) eventually granted entitlement and awarded a retroactive effective date with past-due benefits. Thereafter, the VARO forwarded the fee agreement to the BVA, which determined that the appellant was eligible for attorney fees under 38 U.S.C. § 5904 (C)(2). However, such determinations are improper for the Board to make. This Court recently held that:

> [T]he Board is specifically provided with original jurisdiction as to fee agreements, to "review" sua sponte or at the request of either party a fee agreement filed with the Board, and it "may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable." 38 U.S.C. § 5904 (c)(2).

> . . . .

> The Federal Circuit also noted that section 5904 (c)(2) provided the Board only the authority to review for "*reasonableness*." . . . . The authority to review fee agreements for "eligibility" does not appear in the statute . . . .

*See Scates v. Gober*, __ Vet.App. __, __, No. 97-875, slip op. at 3 (August 14, 2000).

In the instant appeal, the VARO, the agency which had original jurisdiction, never made a decision as to the appellant's eligibility for an award of attorney fees. Rather, the VARO forwarded the matter to the Board for the determination. However, the VARO's forwarding of the matter, and the Board's subsequent decision as to eligibility were without authority. Therefore, the Court will vacate the Board's decision and remand the case for proper adjudication.

Upon consideration of the foregoing, the record on appeal, and the parties' motions, it is

ORDERED that the Board's decision of March 29, 1999 is VACATED, for want of original jurisdiction to decide eligibility for direct payment of a withheld contingency fee under section 5904, and the matter is REMANDED to the Board with directions to dismiss the matter of direct-payment fee eligibility as referred to the board by the VARO. See Scates, Supra.

DATED: Sep 14, 2000                                                 PER CURIAM.

2