# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-2132

Keith D. Snyder, Appellant,

v.

Hershel W. Gober,
Acting Secretary of Veterans Affairs, Appellee.

Before FARLEY, HOLDAWAY, and IVERS, *Judges.*

## O R D E R

On March 24, 2000, this Court granted the parties' joint motion for remand in this matter for the Board of Veterans' Appeals (BVA or Board) to consider the appellant's eligibility to collect a fee from the veteran regarding the veteran's claim for total disability based upon individual unemployability (TDIU). That order constituted the mandate of this Court. U.S. Vet. App. R. 41(b). On August 31, 2000, the appellant filed an unopposed motion to vacate the Court's March 24 order in light of this Court's recent decision in *Scates v. Gober,* __ Vet.App. __, No. 97-875 (Aug. 14, 2000) (en banc). For the reasons that follow, the Court will grant the appellant's motion.

## I.  BACKGROUND

The appellant represented the veteran, Thomas J. Hagen, in the pursuit of an award of, inter alia, TDIU. The veteran was awarded TDIU in January 1997. In February 1997, the VA regional office (RO) notified the veteran and the appellant that the case was being transferred to the Board for a determination as to the attorney's eligibility for direct payment of his fees pursuant to 38 U.S.C. § 5904(d) from past-due benefits due as a result of the January 1997 award. The RO never conducted its own initial review of the fee agreement.

On November 19, 1997, the Board found, inter alia, that the appellant was not entitled to direct payment of fees from past-due TDIU benefits payable to the veteran because it found that the veteran's TDIU claim had not been the subject of a final BVA decision. The appellant appealed that decision to this Court. Pursuant to a joint motion, the Court remanded the appellant's claim to the Board for readjudication of the appellant's fee agreement pursuant to our decision regarding TDIU claims in *In the Matter of the Fee Agreement of Mason*, 13 Vet.App. 79 (1999). On April 14, 2000, the appellant submitted an application pursuant to the Equal Access to Justice Act (EAJA) for fees and expenses incurred in the defense of his fee agreement in this matter.

On August 14, 2000, the en banc Court issued its decision in *Scates, supra*, remanding a similar claim because the Board lacked jurisdiction to review the attorney's fee agreement. Based

upon our decision in *Scates*, the appellant filed an unopposed motion to vacate our March 24, 2000, order.

## II.  ANALYSIS

"A court has the power to set aside judgment where necessary to protect the integrity of its own processes." *McNaron v. Brown*, 10 Vet.App. 61, 63 (1997).  The exercise of this power is in the discretion of the Court; however, "such discretion may be exercised only for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of a final judgment.'"  *Id*. (quoting *Zipfel v. Halliburton, Co.*, 861 F.2d 565, 567 (9th Cir. 1988).  In *Zipfel*, the U.S. Court of Appeals for the Ninth Circuit recalled its mandate "to protect the integrity" of its prior judgment after the Supreme Court issued a decision which "depart[ed] in a pivotal aspect" from its decision.  861 F.2d at 567.

In *Scates, supra*, the en banc Court held that:

> [A]ll issues involving entitlement or eligibility for attorney fees under direct-payment contingency-fee agreements, as contrasted with the issues of reasonableness and excessiveness, must be first addressed by the RO in accordance with the normal adjudication procedures and cannot be the subject of a sua sponte or other original (on motion) BVA review.

*Scates*, __ Vet.App. at __, slip op. at 4; *See also Cox v. West*, 149 F.3d 1360 (Fed.Cir. 1998).

As stated above, the RO has never addressed the matter of the appellant's entitlement or eligibility for fees pursuant to section 5904(d); instead, the matter was referred directly to the BVA. As we held in *Scates*, the Board therefore lacked jurisdiction to review that issue.  Although not expressly stated in our March 24, 200, order, our remand in this case presumed that the Board had jurisdiction to decide this matter.  The en banc Court's decision in *Scates*, however, makes clear that the Board did not have jurisdiction to render its original decision in this matter, or to act on this Court's March 24, 2000, remand.   This pivotal departure from our March 24, 2000, decision, necessitates the recall of our March 24, 2000, mandate and the vacation of our order remanding this case. *See Zipfel*, 861 F.2d at 567.

## III.  CONCLUSION

Upon consideration of the foregoing, it is

ORDERED that the appellant's unopposed motion is granted, and the Court's March 24, 2000, order and mandate are hereby recalled.  It is further

ORDERED that the appellant's EAJA application is dismissed as premature.  It is further

ORDERED that the November 19, 1997, decision of the Board of Veterans' Appeals is VACATED for want of original jurisdiction to decide eligibility for direct payment of a withheld contingency fee under § 5904(d), and the matter is REMANDED to the Board with directions to dismiss the matter of direct-payment fee eligibility as referred to the Board by the RO. *See Scates, supra.*

DATED:      September 26, 2000                    PER CURIAM.