STEINBERG, Judge,
concurring in the denial of relief:
I would deny an award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), rather than dismiss the EAJA application for lack of jurisdiction. There appears to be no question that the Court had jurisdiction to take the action it took when on September 26, 2000, it granted the appellant’s unopposed September 14, 2000, motion to remand under Scates v. Gober, 14 Vet.App. 62 (2000), and vacated the Board decision, in order to ensure that the Board would dismiss the matter and return it to the appropriate Department of Veterans Affairs (VA) regional office. Although, as a result of our Scates opinion and its retroactive effect, the Court never could have lawfully exercised jurisdiction over the merits of the underlying BVA attorney-fee-agreement decision, see Brewer v. West, 11 Vet.App. 228, 231-34 (1998) (holding that caselaw changes are generally retroactive), I believe that the appellant’s unopposed Scaies-remand motion transformed the Court’s jurisdiction so that the Court, at the time of the filing of the motion, had jurisdiction to consider and act on the motion. Hence, when we granted that motion on September 26, 2000, we had jurisdiction to make that decision in this case. Therefore, I would reach the merits of the EAJA application.
Turning to the EAJA merits, I would likely find, first, that the appellant was a prevailing party because he secured a remand “predicated on administrative error”, Sumner v. Principi, 15 Vet.App. 256, 264-65 (2001), because the retroactive effect of Scates, supra, was, under Brewer, supra, to render the BVA’s June 1999 decision legally wrong in taking jurisdic *420 tion over the matter at that point. That is, a caselaw change in law was always the law — in that courts “find” the law, they do not “make” it — and, therefore, it seems to me that the Board’s assertion of jurisdiction was thus always wrong. This situation contrasts with one in which the Board did not address law that was not yet in effect, as is the situation that leads a Court to remand under Karnas v. Derwinski, 1 Vet.App. 308 (1991), where there is no BVA error, see Vaughn v. Principi, 15 Vet.App. 277 (2001). Hence, the appellant appears to be a prevailing party for EAJA purposes. See 28 U.S.C. § 2412(d)(1)(A) (“court shall award to a prevailing party ... fees and other expenses ... unless the court finds that the position of the United States was substantially justified”); Sumner, 15 Vet.App. at 265.
However, with regard to the next EAJA question, whether the position of the Secretary was substantially justified in this instance, I would definitely find that the Secretary has carried his burden of demonstrating that his position was substantially justified under 28 U.S.C. § 2412(d)(1)(A) at both the administrative (BVA) and litigation (Court) stages. See Cullens v. Gober, 14 Vet.App. 234, 237-38 (2001) (en banc); Lematta v. Brown, 8 Vet.App. 504, 507 (1996). As to the Secretary’s position at the litigation stage, I believe that it was reasonable because he raised no objection to the appellant’s timely motion for vacatur, based on Scates, supra, of the underlying Board decision in this case. The Secretary cannot thus be said to have been involved in impermissible “foot dragging” at the litigation stage. Pierre v. West, 12 Vet.App. 92, 97 (1998) (citing Bowyer v. Brown, 7 Vet.App. 549, 550 (1995)). Furthermore, I believe that the Secretary’s position at the administrative stage was reasonable because, although that position was legally wrong, it was not unreasonable for the BVA to take this approach in light of the “confusing tapestry” of the statutory scheme. Stillwell v. Brown, 6 Vet.App. 291, 303-04 (1994) (holding that Secretary’s position at administrative stage was substantially justified because Board’s misconstruction of regulation was “reasonable mistake” in light of “confusing tapestry” presented by “statutory and regulatory framework” (quoting Hatlestad v. Derwinski, 1 Vet.App. 164, 167 (1991))); cf. Wisner v. West, 12 Vet.App. 330, 333-34 (1999) (holding, in context of determining whether Secretary’s position in underlying appeal was substantially justified, that Board’s pre-Hodge v. West, 155 F.3d 1356 (Fed.Cir.1998), reliance on Colvin v. Derwinski, 1 Vet.App. 171, 174 (1991), which Hodge had overruled, was reasonable), affirmed sub nom. Abbs v. Principi, 237 F.3d 1342 (Fed.Cir.2001); Clemmons v. West, 12 Vet.App. 245, 246-47 (1999) (same).[1]
Based on the above analysis, therefore, I would deny the EAJA application.

. As to the Hodge caselaw change, although the BVA had, in effect, been instructed by the Court's pre-Hodge caselaw to ignore VA’s reopening regulation (38 C.F.R. § 3.156), in the Scates situation the Court had, sub silentio, implicitly sanctioned the BVA’s exercise of original jurisdiction over a fee-agreement issue. See, e.g., In re the Fee Agreement of Mason, 13 Vet.App. 79, 88 (1999) (reversing in part BVA fee-agreement decision denying eligibility for past-due-benefits payment to attorney); In re the Fee Agreement of Stanley, 10 Vet.App. 104, 108 (1997) (affirming BVA fee-agreement decision denying eligibility for past-due-benefits payments to attorney).