**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 98-2322

JAMES W. STANLEY, JR., APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, HOLDAWAY, and STEINBERG, *Judges.*

**O R D E R**

This matter is before the Court on remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *Stanley v. Principi*, 283 F.3d 1350 (Fed. Cir. 2002). On August 29, 2000, this Court affirmed in part and vacated and remanded in part an October 27, 1998, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the Court affirmed the Board's determination that the appellant was not eligible to collect attorney fees for services rendered with respect to the veteran's claims for service connection for a cervical spine disorder and for entitlement to total disability based upon individual unemployability (TDIU) because the Board had not issued final decisions with respect to those claims.

On appeal, the Federal Circuit held that there was a final decision with respect to the veteran's cervical spine injury claim because the Board had issued a "final" decision reopening the veteran's cervical spine claim. *Id*. at 1359. The Federal Circuit found, however, that there was no final decision with respect to the TDIU claim. *Id*. The Federal Circuit vacated this Court's decision and remanded the matter for further proceedings consistent with its opinion.

The Federal Circuit's opinion did not involve the appellant's claim for fees for a post-traumatic stress disorder (PTSD) claim which had accompanied his claim for fees for his cervical spine and TDIU claims and which this Court remanded. Thus, that portion of this Court's opinion that remanded the claim for those fees was not disturbed by the Federal Circuit's decision and that issue is not presently before this Court. *Id*. at 1354, n. 1.

**I. FEDERAL CIRCUIT REMAND**

Pursuant to 38 U.S.C. § 5904(c)(1), in connection with a proceeding before VA with respect to benefits under laws administered by the Secretary, a fee may not be charged, allowed, or paid for services of agents or attorneys provided before the date on which the Board first makes a final decision in the case. An attorney is not eligible for fees stemming from the assignment of a disability rating by the regional office (RO) following a grant of service connection where the rating issue itself

had not been the subject of a final BVA decision. *In re Fee Agreement of Smith*, 6 Vet.App. 25 (1993); *see also In re Fee Agreement of Mason*, 13 Vet.App. 79 (1999). The Board, upon its own motion or the request of either party, may review such a fee agreement and may order reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable. 38 U.S.C. § 7263(d). A finding or order of the Board regarding the reasonableness of a fee may be reviewed by this Court. *Id.*

The issue originally presented for review to this Court was whether a final BVA decision existed with respect to the veteran's cervical spine disorder and TDIU claims. If so, and if all other requirements of 38 U.S.C. § 5904 were met, the appellant would be eligible for payment of attorney fees. In March 1996, the Board had reopened and remanded to the RO the veteran's claim for service connection for a cervical spine disorder. Supplemental Record (R.) at 1-5. The veteran later raised the issue of TDIU at a personal hearing (R. at 169), and in September 1996, the RO granted service connection for a cervical spine disability and TDIU. R. at 215-19. Although this Court previously had held that a remand by the Board to the RO does not constitute a final decision by the BVA, *see In re Fee Agreement of Stanley*, 9 Vet.App. 203, 206 (1996), the Federal Circuit held on appeal that the reopening of the veteran's cervical spine claim "was itself a separate 'case,' and there was a 'final decision' in the reopening case." *Stanley*, 283 F.3d at 1358. The Federal Circuit therefore concluded that "the Board made a final decision as to the cervical spine injury claim when it concluded in March 1996 that the claim could be reopened on the basis of new and material evidence." *Id*. at 1359. Accordingly, the Federal Circuit remanded the matter to this Court.

With respect to the veteran's TDIU claim, this Court had held that, because the TDIU claim was dependent on and inextricably intertwined with the appellant's claim regarding his cervical spine disability, and since we had held that there was no final BVA decision regarding the cervical spine claim, there could be no final BVA decision regarding the TDIU claim. *See In re Fee Agreement of Carpenter*, 13 Vet.App. 382 (2000) (attorney could not charge fee on issue of TDIU where issue was decided within the VA nonadversarial system and not by final decision of the Board); *cf. In re Fee Agreement of Mason*, 13 Vet.App. at 97 (where underlying TDIU issue is part of successful appeal to Court, attorney is entitled to 20% of past-due benefit award). On appeal, the Federal Circuit held on other grounds that there had been no final decision with respect to the TDIU claim. *Stanley*, 283 F.3d at 1359. Although the Federal Circuit essentially affirmed our decision regarding the TDIU claim, it nevertheless vacated this Court's decision without differentiating between the two claims on appeal. *Id*. Accordingly, the appellant's claim for fees with respect to the TDIU claim is also before the Court for further proceedings consistent with the Federal Circuit's opinion. *Id*.

## II. JURISDICTION

Since the Court issued its initial decision in this matter, the Court, sitting en banc, issued its decision in *Scates v. Gober*, which involved a dispute between the veteran, Mitchell Scates, and his former attorney, Kenneth Mason. 14 Vet.App. 62 (2000), *aff'd as modified, Scates v. Principi*, 282 F.3d 1362 (Fed. Cir. 2002). Mr. Scates appealed a BVA decision that had found that Mr. Mason was eligible for the payment of attorney fees withheld by the Secretary from the veteran's award of past-due benefits. *Id*. The veteran and Mr. Scates had entered into a fee agreement that provided that the

attorney would be paid 20% of any past-due benefits awarded to the veteran and that, pursuant to 38 U.S.C. § 5904(d)(3), in the event the veteran was awarded past-due benefits, 20% of that award would be withheld by the Secretary and paid directly to the attorney. *Id.* Before reaching the merits of the fee dispute, the Court found that the Board had lacked original jurisdiction to decide an attorney's eligibility for a fee pursuant to 38 U.S.C. § 5904(d), vacated the Board's decision, and remanded the matter with directions to the Board to dismiss. *Id.* at 65. On appeal, the Federal Circuit noted that it was "unclear" whether that case involved solely entitlement to, rather than reasonableness of, an attorney fee, but determined, on other grounds, that the RO was the appropriate agency to review initially the fee agreement regardless of the Board's jurisdiction. 282 F.3d at 1367-68. Thus, the Federal Circuit expressly declined to address the issue of the Board's jurisdiction which had been decided by this Court. *Id.*

Although in this matter the Federal Circuit did not consider the jurisdictional basis for the Board's, or this Court's, decisions, our en banc decision in *Scates* requires that we do so. *See Hayre v. Principi*, 15 Vet.App. 48, 51 (2001) (dismissing a case for lack of jurisdiction despite the Federal Circuit's remand of the matter). "Implicit in the consideration of any issue is the always inherent question of jurisdiction over that issue." *Id.* The Board reviewed the fee agreement at issue in *Scates*, and the agreement at issue in this matter, purportedly pursuant to 38 U.S.C. § 5904(c). The Court noted in *Scates* that pursuant to 38 U.S.C. § 511(a), the Secretary "shall decide questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits." *Scates*, 14 Vet.App. at 64 (quoting 38 U.S.C. § 511(a)). The Board's jurisdiction, in turn, "is limited to *the review* of '[a]ll questions in a matter which under section 511(a) of [title 38, U.S. Code,] is subject to a decision by the Secretary.'" *Id.* (quoting 38 U.S.C. § 7104) (emphasis added). The Court observed that, "[a]s a departure from this normal claims adjudication process," pursuant to 38 U.S.C. § 5904(c), the Board also has jurisdiction "to 'review' sua sponte or at the request of either party a fee agreement filed with the Board, and it 'may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable.'" *Id.* (quoting 38 U.S.C. § 5904(c)). The Court therefore held in *Scates* that "all issues involving entitlement or eligibility for attorney fees *under direct-payment contingency-fee agreements*, as contrasted with the issues of reasonableness and excessiveness, must first be addressed by the RO in accordance with the normal adjudication procedures and cannot be the subject of sua sponte or other original (on motion) BVA review." *Id.* (emphasis added).

Unlike the fee agreement in *Scates*, the fee agreement at issue in this matter was not a direct-payment contingency-fee agreement. The contingency-fee agreement entered into by the veteran and the appellant provided that the 25% contingency fee was to be paid by the veteran, not the Secretary. In light of the fact that this Court has determined that the Board does not have jurisdiction to decide the issue of eligibility to collect a fee pursuant to a direct-payment contingency-fee agreement, we must consider today whether the Board does have such original jurisdiction with respect to non-direct-pay fee agreements, like the one at issue in this matter.

The Board's purported authority for reviewing both the non-direct-payment fee agreement at issue here and the direct-payment fee agreement in *Scates, supra*, is 38 U.S.C. § 5904(c)(2). In

order to be eligible to collect a fee for services rendered in connection with a veteran's claim for benefits under title 38, the provisions of 38 U.S.C. § 5904(c)(1) must be complied with. In addition, should a veteran and his attorney wish to take advantage of the benefit of having payment made directly by the Secretary to the attorney, i.e., a "direct-payment" fee agreement, the provisions of 38 U.S.C. § 5904(d) must also be complied with. These subsections of section 5904 provide in their entirety:

(c)(1) Except as provided in paragraph (3), in connection with a proceeding before the Department with respect to benefits under laws administered by the Secretary, a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the case. Such a fee may be charged, allowed, or paid in the case of services provided after such date only if an agent or attorney is retained with respect to such case before the end of the one-year period beginning on that date. The limitation in the preceding sentence does not apply to services provided with respect to proceedings before a court.

(2) A person who, acting as agent or attorney in a case referred to in paragraph (1) of this subsection, represents a person before the Department or the Board of Veterans' Appeals after the Board first makes a final decision in the case shall file a copy of any fee agreement between them with the Board at such time as may be specified by the Board. The Board, upon its own motion or the request of either party, may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable. A finding or order of the Board under the preceding sentence may be reviewed by the United States Court of Appeals for Veterans Claims under section 7263(d) of this title.

(3) A reasonable fee may be charged or paid in connection with any proceeding before the Department in a case arising out of a loan made, guaranteed, or insured under chapter 37 of this title. A person who charges a fee under this paragraph shall enter into a written agreement with the person represented and shall file a copy of the fee agreement with the Secretary at such time, and in such manner, as may be specified by the Secretary.

(d)(1) When a claimant and an attorney have entered into a fee agreement described in paragraph (2) of this subsection, the total fee payable to the attorney may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim.

(2)(A) A fee agreement referred to in paragraph (1) is one under which the total amount of the fee payable to the attorney--

(i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim;  and
(ii) is contingent on whether or not the matter is resolved in a manner favorable to the claimant.

(B) For purposes of subparagraph (A) of this paragraph, a claim shall be considered to have been resolved in a manner favorable to the claimant if all or any part of the relief sought is granted.

(3) To the extent that past-due benefits are awarded in any proceeding before the Secretary, the Board of Veterans' Appeals, or the United States Court of Appeals for Veterans Claims, the Secretary may direct that payment of any attorneys' fee under a fee arrangement described in paragraph (1) of this subsection be made out of such past-due benefits.  In no event may the Secretary withhold for the purpose of such payment any portion of benefits payable for a period after the date of the final decision of the Secretary, the Board of Veterans' Appeals, or Court of Appeals for Veterans Claims making (or ordering the making of) the award.

Nothing in the plain language of subsection (c)(2) of section 5904, or the remaining portions of that section, distinguishes the Board's jurisdiction, or lack of jurisdiction,  to review an attorney's eligibility for direct-payment contingency-fee agreements and non-direct-pay fee agreements, and we can see no basis for drawing any such distinction.  While the Court did observe in *Scates, supra*, that "under our caselaw, it appears that eligibility to charge a fee in non-direct-payment cases may be reviewed by the BVA in the first instance as a component of its section 5904(c)(2) authority to review for reasonableness," that observation can be accorded no precedential weight since the Court did not have a non-direct-payment case before it.  *Scates*, 14 Vet.App. at 64 (citing *In re Fee Agreement of Stanley*, 10 Vet.App. 104 (1997)).  Further, in *In re Stanley*, the case that appears to have prompted the Court's observation, the Board had, as it had many, many times before our en banc decision in *Scates, supra*, decided the issue of eligibility without the RO first considering the issue and the Court merely affirmed the Board's determination that the attorney was not eligible for a fee without any discussion of the jurisdictional issue. *Id*.  The Court's citation to *In re Stanley* reflects nothing more than this Court's historical treatment of fee eligibility cases before the en banc Court had squarely addressed the issue of jurisdiction in *Scates*.  That, however, does not preclude our consideration, or alleviate our responsibility to consider, our jurisdiction to decide the matters before us today. *See Hayre, supra*.

Because the Board's review of direct-pay contingency-fee agreements is authorized by exactly the same statute that authorizes the review of non-direct-payment fee agreements and we have found no other basis upon which to distinguish the two, we find it appropriate to apply the holding and the analysis of *Scates* to non-direct-payment fee agreement cases.  Thus, the Court holds that all issues involving eligibility for attorney fees under non-direct-payment fee agreements, as contrasted with the issues of reasonableness and excessiveness, must first be addressed by the RO in accordance with

5

the normal adjudication procedures and cannot be the subject of original BVA review. *See Scates*, 14 Vet.App. at 64; *see also Snyder v. Principi*, 15 Vet.App. 285, 296-97 (2001).

The issues of the appellant's eligibility to collect a fee as well as the reasonableness of the fees charged was raised by the Office of the Chief Counsel for Legal Affairs. R. at 251-52. After receiving a letter from the appellant indicating that he intended to charge the veteran a fee with respect to the veteran's cervical spine claim, a representative from the Office of the Chief Counsel for Legal Affairs notified the appellant that "it appear[ed]" that the appellant was not eligible to charge and be paid for services provided in connection with that claim because the Board had not issued a final decision and that they would ask the Board to review the appellant's fee agreement with the veteran for reasonableness pursuant to 38 U.S.C. § 5904(c)(2). *Id*. In May 1997, after raising the issue of eligibility for payment of attorney fees from past due benefits sua sponte, the Board found that the criteria for eligibility had not been met. *See* 38 U.S.C. § 5904 (c)(1); 38 C.F.R. § 20.609(c)(h). R. at 256. After the RO granted the veteran's claim for service connection for PTSD (R. at 262-66), the Office of the Chief Counsel for Legal Affairs again notified the appellant that they were referring his fee agreement to the Board for review. R. at 289-90. The Board then issued its October 27, 1998, decision addressing not only the reasonableness of the fees charged, but the appellant's eligibility to collect a fee regarding each of the veteran's three service connection claims. Thus, because the issues of the appellant's eligibility to collect a fee for services regarding the veteran's cervical spine and TDIU claims were not addressed initially by the RO in accordance with the normal adjudication procedures, the Board's decision must be vacated for lack of original jurisdiction and the matter remanded to the Board. On remand, the Board has jurisdiction to review only the reasonableness of any fee charged. Should the Board determine that any issues of eligibility need be addressed, the Board shall refer those matters to the RO for consideration in the first instance before reviewing the reasonableness of the fee. *See Snyder* 15 Vet.App. at 297.

Upon consideration of the foregoing it is,

ORDERED that the October 27, 1998, decision by the Board of Veterans' Appeals denying attorney fees for work performed on the veteran's claims for a cervical spine disorder and TDIU is VACATED for want of original jurisdiction and the matter is REMANDED to the Board.

DATED:        September 26, 2002            PER CURIAM.

HOLDAWAY, *Judge,* concurring: This case was remanded by a decision of the Federal Circuit in March 2002; the mandate from that decision was issued in May. On May 31, a panel was selected to consider the mandate and the parties so notified. Neither party has attempted to file a pleading in connection with the mandate to this Court. While our rules certainly require no such pleading, neither do they forbid it. It is well known that this Court is extremely liberal in permitting pleadings not specifically required by the rules. Had such a pleading been filed it surely would have been accepted. It is the responsibility of counsel, not the Court, to make the decision as to whether a party needs to or should file such a pleading and to frame the issues in connection with that pleading. It is simply not true, as our colleague implies, that the Court has some responsibility to

6

frame the issues for the parties and goad them into filing briefs. They have been free to do so at any time within the past three and a half months. The parties have had more than an ample opportunity to be heard. Further, I have found that briefs produced as a result of such goading by this Court, particularly where the Court attempts to "frame" the issue in so-called briefing orders, have not been particularly helpful. Finally, I assure both parties that if reconsideration is requested, this judge and I'm certain I speak for Judge Farley as well, will have absolutely no difficulty in giving such a motion calm and dispassionate consideration.

STEINBERG, *Judge*, dissenting: I cannot join in the majority opinion. Without regard to the outcome of the merits of the proposed opinion, my objections lie in the haste by which the Court proceeds, sua sponte, to take up an issue and decide it in a precedential opinion without any notice to the parties (or the public) and without any request that they participate in the judicial process, as is not only their right, in my view, but also is very much in the Court's and the public's interest. I believe that this Court, as a standard practice after a remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), should afford to the parties an opportunity to present their views on what action the Court should take regarding such a remand.[1] In *Winters v. Gober*, the Federal Circuit wrote the following about fairness and notice to the parties in that case:

> Rather than remand Mr. Winters's case to the DVA, ***the Court of Appeals for Veterans Claims applied the new rules to Mr. Winters without notice***, and he was deprived of the opportunity to present evidence on the well grounded claim issue before the original triers of fact. This disposition also deprived Mr. Winters of his right, under 38 U.S.C. § 5103(a), to an explanation of what evidence was missing from his claim and an opportunity to supply such evidence. ***Such action by the court is inconsistent with general principles of fairness, and it is particularly unwarranted in view of the fact that "the character of the veterans' benefits statutes is strongly and uniquely pro-claimant."*** *Hodge*[ *v. West*], 155 F.3d [1356,] 1362 [ (1998)]; *see also Hayre v. West*, 188 F.3d 1327, 1333-34 (Fed.Cir. 1999)

---

[1] This is not the first time that I have expressed a similar concern about precipitous action. *See Carpenter v. Principi*, 15 Vet.App. 64, 80 (2001) (en banc) (Steinberg, J., dissenting) (decrying the Court's having overruled past precedent without, inter alia, having received briefing from parties); *Morton v. West*, 13 Vet.App. 205, 213 (1999) (en banc order) (Steinberg and Kramer, J.J., dissenting from denial of en banc consideration) (admonishing "that the Court should have the benefit of full briefing from the Secretary and appellants' advocates and full oral argument *before* deciding the knotty questions involved in this case"); *Laruan v. West*, 11 Vet.App. 80, 91 (1998) (en banc) (Kramer and Steinberg, J.J., concurring in part and dissenting in part) (noting that "the majority inexplicably renders its wisdom without benefit of a conference of the judges, briefing, or oral argument"), *overruled by D'Amico v. West*, 209 F.3d 1322, 1327 (Fed. Cir. 2000); *Bailey v. Gober*, 10 Vet.App. 454, 456 (1997) (en banc order) (Steinberg, J., dissenting) ("I would prefer to receive full briefing . . . at this point"), *rev'd*, *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc); *In re Motion of Smith*, 7 Vet.App. 92, 95 (1994) (en banc order) (Steinberg, J., dissenting) ("By deciding this case "'without benefit of oral argument and full briefing, . . . this Court runs a great risk of rendering erroneous or ill-advised decisions that may confuse [the Department of Veterans Affairs (VA) and the Court's bar]: there is no reason to believe that this Court is immune from making mistakes, particularly under these kinds of circumstances.'" *Allen v. Hardy*, 478 U.S. 255, 261-62 (1986) (Marshall and Stevens, JJ., dissenting) (quoting *Harris v. Rivera*, 454 U.S. 339, 349 (1981) (Marshall, J., dissenting))").

(pointing out [Congressional] recognition of "the strongly and uniquely pro-claimant system of awarding benefits to veterans").

*Winters*, 219 F.3d 1375, 1379-80 (Fed. Cir. 2000) (emphasis added). Those sentiments seem to be even more applicable in the instant case, given the far-reaching nature of the jurisdictional issue that the Court has injected, sua sponte. Under the circumstances, I believe that the panel should issue a briefing order directing the parties (and any interested amici) to address that jurisdictional issue. Although the parties will likely have some opportunity to present their views if one or both files a motion for reconsideration,[2] the Court, in my view, should give them that opportunity now. They should not have to bear the burden involved in challenging an opinion already issued.

For example, I believe that the parties should be given a chance now to address the extent to which this Court's en banc opinion in *Scates v. Gober*, 14 Vet.App. 62 (2000) (en banc), *aff'd as modified sub. nom. Scates v. Principi*, 282 F.3d 1362 (Fed. Cir. 2002), has survived the Federal Circuit's *Scates* opinion. The majority relies on this Court's *Scates* opinion, relating to direct-payment fee agreements, for its jurisdictional holding, and although the majority opinion obliquely recognizes that the opinion of the Federal Circuit in *Scates* involved that jurisdictional question, *ante* at 2-3, it does so without recognizing the extent to which that opinion called into question the jurisdictional holding in our en banc *Scates* opinion. *See Scates v. Principi*, 282 F.3d at 1367-1368 (questioning this Court's jurisdictional holding in *Scates*, but ultimately stating that Federal Circuit there "need not here decide whether the Board[of Veterans' Appeals (Board)] would have jurisdiction over [the attorney's] claim under § 5904(c)(2)" because court agreed, for apparently prudential reasons, that RO "on the particular facts of this case" should address "initially . . . [the] attorney fee claim"). In this regard, footnote 1 in my concurrence in the denial of a full-Court decision in *Snyder v. Principi (Synder III)*[3] discusses the Federal Circuit's *Scates* holding in terms that might provide a rationale for continued application of our *Scates* opinion's jurisdictional holding, but that is a matter very much requiring the participation of the parties. Also, the opinion seems to have adopted, in the context of non-direct-payment fee agreements, the conclusion reached by this Court in *Snyder v. Principi*, 15 Vet.App. 285, 296-98 (2001) (*Synder II*), *mot. for full-Court dec. denied*, 16 Vet.App. 62 (2002) (en banc per curiam order) (*Snyder III*), that the Board may not make a determination regarding the reasonableness of a fee provided for in a direct-payment fee agreement prior to a Department of Veterans Affairs regional office's making an eligibility determination as to such a fee agreement. Regardless of whether I favor such a sequential approach to decisionmaking, it is an issue on which the parties should be heard first.

I therefore dissent because of the deficient process by which this case is being decided.

---

[2] Although I agree with the concurring opinion that this Court is generally liberal in permitting pleadings not required by the Court's rules, *see Kuzma v. Principi*, 16 Vet.App. 140 (2002) (en banc per curiam order), a litigant cannot be certain that such liberality will always be show, *see id.* at 144 (Ivers, J., dissenting).

[3] *Snyder v. Principi*, 16 Vet.App. 62, 63-64 at n.1 (2002) (*Snyder III*) (en banc per curiam opinion) (Steinberg, J., concurring).