STEINBERG, Judge,
dissenting:
I cannot join in the majority opinion. Without regard to the outcome of the merits of the proposed opinion, my objections lie in the haste by which the Court proceeds, sua sponte, to take up an issue and decide it in a precedential opinion without any notice to the parties (or the public) and without any request that they participate in the judicial process, as is not only their right, in my view, but also is very *363 much in the Court’s and the public’s interest. I believe that this Court, as a standard practice after a remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), should afford to the parties an opportunity to present their views on what action the Court should take regarding such a remand.[1] In Winters v. Gober, the Federal Circuit wrote the following about fairness and notice to the parties in that case:
Rather than remand Mr. Winters’s case to the DVA, the Court of Appeals for Veterans Claims applied the new rules to Mr. Winters without notice, and he was deprived of the opportunity to present evidence on the well grounded claim issue before the original triers-of fact. This disposition also deprived Mr. Winters of his right, under 38 U.S.C. § 5103(a), to an explanation of what evidence was missing from his claim and an opportunity to supply such evidence. Such action by the court is inconsistent with general principles of fairness, and it is particularly unwarranted in view of the fact that “the character of the veterans’ benefits statutes is strongly and uniquely pro-claimant.” Hodge [v. West], 155 F.3d [1356,] 1362 [(1998)]; see also Hayre v. West, 188 F.3d 1327, 1333-34 (Fed.Cir.1999) (pointing out [Congressional] recognition of “the strongly and uniquely pro-claimant system of awarding benefits to veterans”).
Winters, 219 F.3d 1375, 1379-80 (Fed.Cir.2000) (emphasis added). Those sentiments seem to be even more applicable in the instant case, given the far-reaching nature of the jurisdictional issue that the Court has injected, sua sponte. Under the circumstances, I believe that the panel should issue a briefing order directing the parties (and any interested amici) to address that jurisdictional issue. Although the parties will likely have some opportunity to present their views if one or both files a motion for reconsideration,[2] the Court, in my view, *364 should give them that opportunity now. They should not have to bear the burden involved in challenging an opinion already issued.
For example, I believe that the parties should be given a chance now to address the extent to which this Court’s en banc opinion in Scates v. Gober, 14 Vet.App. 62 (2000) (en banc), aff'd as modified sub. nom. Scates v. Principi, 282 F.3d 1362 (Fed.Cir.2002), has survived the Federal Circuit’s Scates opinion. The majority relies on this Court’s Scates opinion, relating to direct-payment fee agreements, for its jurisdictional holding, and although the majority opinion obliquely recognizes that the opinion of the Federal Circuit in Scates involved that jurisdictional question, ante at 358-59, it does so without recognizing the extent to which that opinion called into question the jurisdictional holding in our en banc Scates opinion. See Scates v. Principi, 282 F.3d at 1367-1368 (questioning this Court’s jurisdictional holding in Scates, but ultimately stating that Federal Circuit there “need not here decide whether the Board[of Veterans’ Appeals (Board) ] would have jurisdiction over [the attorney’s] claim under § 5904(c)(2)” because court agreed, for apparently prudential reasons, that RO “on the particular facts of this case” should address “initially ... [the] attorney fee claim”). In this regard, footnote 1 in my concurrence in the denial of a full-Court decision in Snyder v. Principi (Synder III)[3] discusses the Federal Circuit’s Scates holding in terms that might provide a rationale for continued application of our Scates opinion’s jurisdictional holding, but that is a matter very much requiring the participation of the parties. Also, the opinion seems to have adopted, in the context of non-direct-payment fee agreements, the conclusion reached by this Court in Snyder v. Principi, 15 Vet.App. 285, 296-98 (2001) (Synder II), mot. for full-Court dec. denied, 16 Vet.App. 62 (2002) (en banc per curiam order) {Snyder III), that the Board may not make a determination regarding the reasonableness of a fee provided for in a direct-payment fee agreement prior to a Department of Veterans Affairs regional office’s making an eligibility determination as to such a fee agreement. Regardless of whether I favor such a sequential approach to decision making, it is an issue on which the parties should be heard first.
I therefore dissent because of the deficient process by which this case is being decided.

. This is not the first time that I have expressed a similar concern about precipitous action. See Carpenter v. Principi, 15 Vet.App. 64, 80 (2001) (en banc) (Steinberg, J., dissenting) (descrying the Court’s having overruled past precedent without, inter alia, having received briefing from parties); Morton v. West, 13 Vet.App. 205, 213 (1999) (en banc order) (Steinberg and Kramer, J.J., dissenting from denial of en banc consideration) (admonishing "that the Court should have the benefit of full briefing from the Secretary and appellants' advocates and full oral argument before deciding the knotty questions involved in this case”); Laruan v. West, 11 Vet.App. 80, 91 (1998) (en banc) (Kramer and Steinberg, J.J., concurring in part and dissenting in part) (noting that "the majority inexplicably renders its wisdom without benefit of a conference of the judges, briefing, or oral argument”), overruled by D’Amico v. West, 209 F.3d 1322, 1327 (Fed.Cir.2000); Bailey v. Gober, 10 Vet.App. 454, 456 (1997) (en banc order) (Steinberg, J., dissenting) ("I would prefer to receive full briefing ... at this point”), rev’d, Bailey v. West, 160 F.3d 1360 (Fed.Cir.1998) (en banc); In re Motion of Smith, 7 Vet.App. 89, 95 (1994) (en banc order) (Steinberg, J., dissenting) ("By deciding this case " 'without benefit of oral argument and full briefing, ... this Court runs a great risk of rendering erroneous or ill-advised decisions that may confuse [the Department of Veterans Affairs (VA) and the Court's bar]: there is no reason to believe that this Court is immune from making mistakes, particularly under these kinds of circumstances.' ” Allen v. Hardy, 478 U.S. 255, 261-62, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) (Marshall and Stevens, JJ., dissenting) (quoting Harris v. Rivera, 454 U.S. 339, 349, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981) (Marshall, J., dissenting))”).

. Although I agree with the concurring opinion that this Court is generally liberal in permitting pleadings not required by the Court’s rules, see Kuzma v. Principi, 16 Vet.App. 140 (2002) (en banc per curiam order), a litigant cannot be certain that such liberality will always be show, see id. at 144 (Ivers, J., dissenting).

. Snyder v. Principi, 16 Vet.App. 62, 63-64 at n. 1 (2002) (Snyder III) (en banc per curiam opinion) (Steinberg, J., concurring).