In the Matter of the Fee Agreement
of Richard L. VERNON in
Case Number 91–1812.

No. 94–414.

United States Court of Veterans Appeals.

Jan. 2, 1996.

Richard L. Vernon, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Paul J. Hutter were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

NEBEKER, Chief Judge:

The appellant, Richard L. Vernon, appeals from an April 12, 1994, decision of the Board of Veterans' Appeals (Board), which concluded that the contingency fee agreement between the appellant and his attorney, Robert A. Friedman (counsel), was not excessive or unreasonable, and ordered payment to counsel of an attorney fee not exceeding twenty percent of the past-due benefits awarded to the appellant as a result of the favorable resolution of his claim. On consideration of the record on appeal, the appellant's informal brief, and the Secretary's brief, the Court will affirm the Board's decision.

## I.

The appellant had active service from January 1966 to November 1968, including service in Vietnam. Record (R.) at 92, 94. On October 19, 1989, he filed a claim seeking an increased rating for his service-connected post-traumatic stress disorder (PTSD), which was then rated as 10% disabling. R. at 6, 15–17. In a February 1990 rating decision, the VA regional office (RO) denied the claim for an increased evaluation, concluding that the appellant's PTSD was only "mildly disabling." R. at 19. A Notice of Disagreement was filed in March 1990. R. at 21. On

July 3, 1991, the Board denied the claim. R. at 24–28. Counsel was retained on July 25, 1991. R. at 112–13. The signed contingency fee agreement between the appellant and counsel stated, in part: "I understand that, if benefits are awarded, the VA will withhold twenty percent (20%) of the past-due benefits and send that amount directly to my representative." *Ibid.* A copy of the fee agreement was received by the Board on July 29, 1991. R. at 7. After filing an appeal with this Court, counsel moved for a remand to require the Board to set forth adequate reasons or bases for its decision. R. at 37, 40–47. The Court granted the motion for remand and vacated the Board's decision. *Vernon v. Derwinski,* U.S. Vet.App. No. 91–1812, 2 Vet.App. 534 (order May 26, 1992). Additional evidence was obtained on remand, including reports, submitted by counsel, from the appellant's mental health counselor and a private psychiatrist. R. at 65–83. These reports indicated that the appellant's PTSD resulted in severe social and industrial impairment. On May 4, 1993, the Board awarded the appellant a 100% rating for PTSD, effective from October 19, 1989. R. at 91–104.

The RO sent separate copies of an October 5, 1993, letter to the appellant and counsel, providing notice that the case records were being transferred to the Board for a determination of eligibility for payment of attorney fees from the past-due benefits, in compliance with the fee agreement. R. at 121–24. The letter stated, in part,

> The [Board] will review the fee agreement to determine whether there is a statutory authority to charge a fee under 38 U.S.C. 5904(c), whether a fee may be paid from past-due benefits under 38 U.S.C. 5904(d), and whether the fee agreement is reasonable in fact. The Board may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable. A finding or order of the Board under the preceding sentence may be reviewed by the [Court].

R. at 124. Both parties to the agreement were given thirty days to submit any evidence or argument on the attorney fee issue, but they apparently chose not to do so. R. at 4, 121. In the decision on appeal, the Board concluded that the fee agreement met the statutory and regulatory criteria for a fee payable to the attorney by the Secretary from the past-due benefits awarded. The Board stated that a fee amounting to twenty percent of past-due benefits is "presumed to be and is reasonable." R. at 6. From past-due benefits in the amount of $71,376.00, VA withheld $14,275.20 (20%), and paid that amount to counsel. R. at 121; Secretary's Brief (Br.) at 1–2. The appellant filed a timely appeal with this Court.

## II.

The appellant essentially contends that the legal services provided by counsel were, at most, one-half of the total services that he could potentially have received under the fee agreement. He states that the "extent of service provided, skill level, time, and level of review are not consistent with the [fee] amount" awarded. Appellant's Informal Br. at 2. While the record reflects that counsel received a copy of the Board's decision and notice of this appeal, he has not chosen to file a brief. *See Nagler v. Derwinski,* 1 Vet.App. 297, 304 (1991) (stating that parties to Board's review of fee agreement are the claimant and the attorney). The Secretary contends, in the alternative, that (1) the appellant abandoned his claim, (2) the Board's finding regarding the reasonableness of the fee agreement is entitled to "considerable deference," and must be affirmed unless "clearly erroneous," and (3) the matter must be remanded for application of the reasonableness "factors" set forth at 38 C.F.R. § 20.609(e) (1994). Secretary's Br. at 6, 10, 11, 14.

While it may be true that a party wishing to challenge a fee agreement before the Board would do well to avail himself of the opportunity to submit argument or evidence, the failure to do so will not be deemed to have resulted in abandonment of the claim. Once the Board has issued a finding or order regarding the reasonableness of the fee, a party to the fee agreement may seek review of the Board's decision by this Court. *See* 38 U.S.C. §§ 5904(c)(2), 7263(d).

The relevant statutory provisions do not support the Secretary's position that the "clearly erroneous" standard applies to review of the Board's finding or order with respect to a fee agreement. Pursuant to 38 U.S.C. § 5904(c)(2),

> The Board, upon its own motion or the request of either party, may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable. A finding or order of the Board under the preceding sentence may be reviewed by the [Court] under section 7263(d) of this title.

Section 7263(d), title 38, United States Code, provides, in part,

> In reviewing a fee agreement ... under section 5904(c)(2) of this title, the Court may affirm the finding or order of the Board and may order a reduction in the fee called for in the agreement if *it finds that the fee is excessive or unreasonable.* An order of the Court under this subsection is final and may not be reviewed in any other court.

(Emphasis added.) Thus, the plain language of these provisions authorizes this Court to make a factual finding that a fee is excessive or unreasonable, and to order a reduction accordingly. *Id.* The Court concludes that, in conducting a review of a fee agreement, a finding by the Board regarding the excessiveness or reasonableness of the fee is entitled to no deference, as this is an area in which the Court is competent to make the decision. *See, e.g., Morris v. CFTC,* 980 F.2d 1289, 1293 (9th Cir.1992) (holding that judicial deference is not warranted where courts have experience in an area and are fully competent to decide an issue); *Butts v. Brown,* 5 Vet.App. 532, 538 (1993).

The fee agreement at issue here is in compliance with the relevant statutory requirements authorizing direct payment to an attorney by the Secretary from past-due benefits awarded. *See* 38 U.S.C. § 5904. The appellant retained counsel within one year of the Board's July 3, 1991, decision denying an increased rating. *See* 38 U.S.C. § 5904(c)(1). Pursuant to 38 U.S.C. § 5904(d), the total fee payable under the agreement (1) does not exceed twenty percent of past-due benefits, and (2) is contingent on the success of the claim. In the absence of evidence to the contrary, a fee agreement that complies with the requirements of 38 U.S.C. § 5904(d) is presumed reasonable. *See In re Fee Agreement of Smith,* 4 Vet.App. 487, 492 (1993), *vacated in part on other grounds sub nom. In re Wick,* 40 F.3d 367 (Fed.Cir.1994); *see also* 38 C.F.R. § 20.609(f) (1994). The Court concludes that the appellant's lay assertions regarding the value and extent of the legal services rendered by counsel are insufficient, as a matter of law, to rebut that presumption. The fact that counsel was successful in obtaining the 100% disability rating without protracted effort and in less time than the appellant may have expected does not diminish the value of counsel's services. Contrary to the Secretary's argument, a remand for application of the "factors" set forth at 38 C.F.R. § 20.609(e) would serve no purpose. These regulatory factors, which may be considered by the Board in determining whether fees are reasonable, have no application unless the presumption of reasonableness has first been rebutted. *See Smith,* 4 Vet.App. at 492. We will, therefore, affirm the Board's finding that the fee amounting to twenty percent of the past-due benefits awarded is presumed to be, and is, reasonable.

### III.

The decision of the Board is AFFIRMED.